**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Service Employees International Union,
Local 32BJ
25 West 18th Street
New York, NY 10011**                                    Civil No.:

      **Plaintiff,**

        **v.**

**Trinity II Corporation
3215 Martin Luther King Avenue SW
Washington, DC 20032**

      **Defendant.**
_____/

## COMPLAINT

Plaintiff Service Employees International Union Local 32BJ alleges as follows:

## INTRODUCTION

1.  This action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4.

2.  On or about July 1, 2013, Trinity II Corporation ("Trinity" or "Employer") took over the cleaning services account and hired the incumbent cleaning service employees at the University of the District of Columbia ("UDC"), located at 4200 Connecticut Avenue NW, Washington, DC 20008.  The cleaning services employees at UDC are represented by Plaintiff, Service Employees International Union, Local 32BJ ("Local 32BJ" or "Union").

3.  Local 32BJ and Trinity are parties to a collective bargaining agreement ("CBA") that provides for a grievance and arbitration process to settle any issues that arise at the

worksite. The CBA is attached as Exhibit A to this Complaint.

4. On or about July 1, 2015 Trinity lost the cleaning services contract at UDC to another contractor.  Pursuant to Article 6 of the CBA, Trinity was obligated to pay out accrued but unused vacation time to each bargaining unit employee upon termination of its contract with UDC.

5. Trinity failed to timely pay accrued vacation time to numerous members of the bargaining unit.  In response, on or about September 29, 2015, the Union filed a class grievance pursuant to the grievance and arbitration procedure provided for in Article 12 of the CBA.

6. Because the parties were unable to resolve the dispute over unused vacation pay, the Union sought to arbitrate the class grievance.  Trinity responded by repeatedly asserting that it was attempting to settle the grievance through negotiation with its customer, UDC. For several months, the Union relied upon Trinity's representations that it was making a good faith attempt to settle the grievance and tolerated some delay in selecting an arbitrator.  However, to date, the parties have failed to settle the case, and the Union no longer believes a settlement will be forthcoming.  As of this date Trinity has failed and refused to fully participate in the selection of an arbitrator to hear and determine the validity of the Union's grievances.

7. An order to compel the Employer to (1) participate in the arbitrator selection process and (2) arbitrate the applicable grievances is necessary to ensure the disputes between Trinity and the Union are resolved through binding arbitration, as provided for by the parties' CBA.

2

## JURISDICTION AND VENUE

8.   This Court has jurisdiction of this matter pursuant to Section 301 of the LMRA, 29

U.S.C. § 185(a) and 28 U.S.C. § 1331.

9.   Venue lies within this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. §

185(a) and 28 U.S.C. § 1391, because all of the events underlying the contract violations

for which the Union seeks arbitration occurred in this District.

## PARTIES

10. Plaintiff Local 32BJ is a labor organization within the meaning of the National Labor

Relations Act, 29 U.S.C. § 152(5), representing over 150,000 property service workers,

including over 16,000 in the greater Washington, D.C. metropolitan area.

11. Defendant Trinity is an employer engaged in interstate commerce within the meaning of

the National Labor Relations Act, 29 U.S.C. § 152(2).

## CAUSE OF ACTION

### Breach of Section 301 and the FAA

12. The allegations contained in Paragraphs 1 through 11 are incorporated herein.

13. Local 32BJ has been the exclusive collective bargaining representative for the cleaning

and maintenance employees at UDC since before Trinity took over the contract.  Prior to

July 2013, cleaning contractor Motir was the cleaning and maintenance contractor at

UDC and was party to a collective bargaining agreement with the Union that set forth the

employees' terms and conditions of employment at UDC.

14. On or about July 1, 2013, Trinity took over the cleaning and maintenance account at

UDC and hired all of the incumbent employees.

15. A collective bargaining agreement (the CBA) between Trinity and Local 32BJ was

executed on or about June 30, 2013, setting forth the terms and conditions of the employees at UDC for the time period of June 29, 2013 to June 30, 2017.

16. Article 12 of the CBA provides for a grievance and arbitration process for disputes arising between the Employer and the Union.  Section 1 of Article 12 provides that either party may file a grievance over "any disagreement concerning the application or interpretation of the provisions" of the CBA.

17. Section 1, Step 3 of Article 12 provides that "If the grievance cannot be resolved [in earlier stages], it may be submitted by either party hereto to arbitration as provided for in this Article."  Section 2 of Article 12 provides that "either of the parties shall request a list of arbitrators from the Federal Mediation and Conciliation Service," and that "[t]he parties shall select from this list a single arbitrator."

18. Pursuant to the CBA, on or about September 29, 2015, the Union filed a class grievance over the issue of unused vacation pay.  This grievance is known to the parties as grievance case number 1074300.

19. On or about November 20, 2015, due to the inability of the parties to settle the grievance, the union filed a notice of intention to arbitrate with FMCS and a list of arbitrators was requested.  The FMCS case number is FMCS #161207-51541-A.

20. On or about December 7, 2015, FMCS sent both parties a list of arbitrators to hear the above case.

21. Article 12, Section 2 of the CBA provides that the parties may select an arbitrator by alternating strikes or by mutual agreement.

22. On or about December 8, 2015, Local 32BJ made its first request to Trinity to participate in selecting an arbitrator.

23. On or about December 18, 2015, rather than responding to the request to select an arbitrator, a Trinity representative stated that the company was attempting to settle the grievance in lieu of arbitration.

24. In or around February 2016, a Union representative provided a Trinity representative with a physical copy of the list of arbitrators and requested that Trinity participate in selecting an arbitrator.

25. On or about March 7, 2016, a Union representative notified Trinity that the Union was prepared to proceed unilaterally with selection of an arbitrator if Trinity refused to participate in the selection process.

26. On or about April 25, 2016, a Trinity representative informed a Union representative that the company was continuing to attempt to settle the grievance and stated that it anticipated "having a framework to settle the case by mid-May" 2016, implying that there would be no need to proceed to arbitration.

27. Trinity failed to provide parameters for settlement by mid-May 2016.  In response, on or about June 17, 2016, the Union informed Trinity that if it did not participate in picking an arbitrator by June 30, 2016, the Union would be forced to file this complaint to compel arbitration.  Trinity's representative responded that he did "not control the pace of the settlement process."

28. At no time did Trinity refuse to engage in the arbitration process.  Instead, it led the Union to believe that it would settle the grievance prior to arbitration.  The Union relied upon these representations in waiting to file this complaint to compel arbitration until it became clearer to the Union that rather than making a good faith attempt at settlement, Trinity was effectively refusing to participate in the contractual grievance arbitration

process.

29. Trinity has failed, and continues to fail, in its contractual obligation to participate in the arbitration selection process for FMCS Case No. 161207-51541-A.

30. The alleged contract violations set forth in FMCS Case No. 161207-51541-A, have still not been remedied.

31. To date, an arbitrator has not been chosen for FMCS Case No. 161207-51541-A and the case has not been arbitrated.

32. Accordingly, unless the Court intervenes and compels Trinity to (1) participate in the FMCS arbitrator selection process and (2) to arbitrate the grievances, Local 32BJ believes that the Employer will continue to delay and the disputes between Trinity and the Union will not be resolved through binding arbitration, as provided for by the parties' collective bargaining agreement.

WHEREFORE, Plaintiff Local 32BJ prays:

1. For an Order from this Court compelling Trinity to (1) participate in the arbitration selection process and (1) arbitrate the cases set forth in FMCS Case No. 161207-51541-A;

2. For Plaintiff's attorneys' fees and costs herein; and

3. For such other and further relief as the Court deems just and proper.

\\
\\
\\

6

Dated July 13, 2016                              Respectfully submitted,


                                                  s/ Arlus J. Stephens
                                                 Arlus J. Stephens (478938)
                                                 Murphy Anderson PLLC
                                                 1401 K Street NW, Suite 300
                                                 Washington, DC 20006
                                                 Tel.: (202) 223-2620
                                                 Fax: (202) 296-9600
                                                 Email: astephens@murphypllc.com

                                                 Counsel for Plaintiff SEIU Local 32BJ